UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARLA ERWAY,

      Plaintiff,

v.

                                            Case No. 8:14-Cv-1803-T-24 EAJ

CAROLYN W. COLVIN,
Acting Commissioner of the United
States Social Security Administration,

      Defendant.
_____/

## **ORDER**

      This cause comes before the Court for consideration of Plaintiff's complaint seeking review of the decision of the Commissioner of the Social Security Administration (Doc. 1). This complaint was considered by the United States Magistrate Judge, pursuant to a specific order of referral. On June 30, 2015, Magistrate Judge Jenkins filed her report recommending that the Commissioner's decision be affirmed and that judgment be entered in favor of Defendant. (Doc. 22). All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). Objections to the Magistrate's Report were filed by Plaintiff on July 14, 2015 (Doc. 23).

      This Court conducts a *de novo* determination of the findings or recommendations to which an objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may accept, reject or modify, in whole or in part, the findings and recommendations. *Id.* For the reasons explained below, the Court rejects Plaintiff's objections and adopts the Magistrate Judge's Report and Recommendation.

Plaintiff contends that the Administrative Law Judge (ALJ) failed to properly weigh various medical opinions. First, Plaintiff objects to the Magistrate Judge's finding that the ALJ was not required to conduct a good cause analysis of Nurse Practitioner Corwin's medical assessment and opinion. Nurse Practitioner Corwin identified panic-related symptoms and assigned Plaintiff a current GAF of 52[1] (Doc. 14-13 at 50), but she also indicated that Plaintiff's prognosis was "good" and appeared "motivated for treatment." (Id. at 53). The final page of Nurse Practitioner Corwin's opinion contains an additional signature of Linda Lefler, M.D. (*Id.* at 59). The Court agrees with the Magistrate Judge's finding that the ALJ's assessment of Nurse Practitioner Corwin's opinion was based on substantial evidence. Plaintiff also argues that the ALJ should have treated Nurse Practitioner Corwin's opinion as the opinion of Dr. Lefler's since Dr. Lefler's signature appears at the end of the report. The Court agrees with the finding of the Magistrate Judge that it is unclear whether Dr. Lefler had any involvement in the treatment of Plaintiff and therefore the ALJ was not required to conduct a "good cause" analysis of Nurse Practitioner Corwin's opinion.

Next, Plaintiff objects to the Magistrate Judge's finding that the ALJ's assessment of Dr. Gerald Hodan's opinion was based on substantial evidence. Plaintiff asserts that the ALJ was not free to "pick and choose" the portions of a report that he will accept. Doc. 23 at 4. The ALJ afforded Dr. Hodan's opinion partial weight finding that some of his opinions were "vague," conclusory, and inconsistent with the medical record including Dr. Hodan's own contemporaneous findings. Doc. 14-2 at 15. The Court agrees with the Magistrate Judge's report that the ALJ's assessment of Dr. Hodan's opinion was based on substantial evidence. The ALJ's opinion

---

[1] Nurse Practitioner Corwin's assignment of a current GAF score of 52 denoted moderate as opposed to serious symptoms. Doc. 14-15 at 62.

contained a sufficient explanation of the reasons for discounting the vague portions of Dr. Hodan's opinion.

Plaintiff objects to the Magistrate Judge's finding that any error by the ALJ relating to the opinion of Dr. Scott M. Wisotsky and Dr. John Drygas was harmless. Plaintiff also argues that the ALJ failed to state the weight given to the progress notes from Dr. Wisotsky and Dr. Drygas at the Florida Spine Institute. The ALJ discussed both of the doctors' findings, but he did not specifically state the weight given to each. Plaintiff fails to explain how the progress notes (even if given a controlling weight) would have changed the opinion of the ALJ. An ALJ's failure to provide the weight given to a medical opinion is harmless where the opinion does not contradict the ALJ's ultimate findings. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983). The Court agrees with the Magistrate Judge's report that any error that the ALJ may have committed by failing to explicitly state the weight given to either opinion is harmless.

Plaintiff next objects to the Magistrate Judge's finding that the ALJ properly discounted Dr. Lance Cassell's report regarding alleged impairments with respect to Plaintiff's shoulder and hand. The Court agrees with the Magistrate Judge that the ALJ properly discounted Dr. Cassell's report and that the ALJ's analysis of Dr. Cassell's opinion was supported by substantial evidence.

Plaintiff objects to the Magistrate Judge's finding that the ALJ failed to give proper weight to GAF scores of 50 or below that indicated serious symptoms of mental illness. The ALJ did not ignore these GAF scores but considered them in the context of the broader medical record in order to more completely evaluate the overall functional impact of Plaintiff's mental impairments. The Court agrees with the Magistrate Judge that Plaintiff failed to demonstrate that the ALJ's evaluation of the GAF scores was flawed or would have resulted in the imposition of a more restrictive Residual Functional Capacity (RFC) assessment.

Plaintiff objects to the Magistrate Judge's finding that the ALJ properly evaluated Plaintiff's credibility in assessing Plaintiff's subjective symptom of pain. The ALJ's decision includes an evaluation of Plaintiff's symptoms of pain and he found them not credible to the extent they were inconsistent with his RFC assessment. The ALJ supported this evaluation with the disparity between Plaintiff's allegations of total disability and the record evidence. The Court agrees with the Magistrate Judge that the ALJ's credibility finding was based on substantial evidence.

Finally, Plaintiff objects to the Magistrate Judge's finding regarding Plaintiff's ability to concentrate. The Magistrate Judge found that Plaintiff retained relatively normal mental functionality in spite of her moderate limitation in maintaining concentration, persistence, and pace. The Court agrees with the Magistrate Judge regarding Plaintiff's ability to concentrate.

Upon consideration of the Report and Recommendation and the Plaintiff's objections thereto, and upon this Court's independent examination of the file, it is determined that the Report and Recommendation (Doc. 22) should be adopted. Accordingly, it is now **ORDERED AND ADJUDGED** that:

(1) The Magistrate Judge's Report and Recommendation (Doc. 22) is adopted and incorporated by reference in this Order of the Court;

(2) The decision of the Commissioner of the United States Social Security Administration is **AFFIRMED**; and

(3) The Clerk is directed to enter judgment in favor of Defendant, to terminate all pending motions, and to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of August, 2015.

                                    SUSAN C. BUCKLEW
                                    United States District Judge

**Copies to:**
The Honorable Elizabeth A. Jenkins
Counsel of Record